UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCUS CRAWFORD,
   Plaintiff,

vs.                                      No. 09-1384

LT. FRENCH, et. al,
   Defendants

CASE MANAGEMENT ORDER #2

     This cause is before the court for consideration of various discovery motions and motions for appointment of counsel filed by the Plaintiff. [d/e 39, 47, 48, 52, 54]

I. BACKGROUND

     On January 25, 2010, the court conducted a merit review of the Plaintiff's amended complaint and found that he had stated the following claims: Lieutenant Glendal French and Correctional Officer John Yeager violated the Plaintiff's First Amendment rights at Pontiac Correctional Center when they retaliated against the Plaintiff for filing grievances and writing letters. *See* January 25, 2010 Merit Review Order.

     Specifically, the Plaintiff says on March 20, 2009, he began filing grievances and writing letters about the filthy conditions of the showers. The Plaintiff says the Defendants responded with a campaign of retaliation that included: taking Plaintiff's property, damaging Plaintiff's property, denying Plaintiff showers, delaying Plaintiff's mail, firing Plaintiff from his job, forcing him out of protective custody and spreading a rumor that the Plaintiff was a "stool pigeon." (Comp, p. 7) In addition, the Plaintiff says Defendant Yeager wrote a false disciplinary ticket against him that was later expunged and Defendant French prevented him from writing a letter to Internal Affairs.

II. MOTION TO COMPEL

A. FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     The Plaintiff says the Defendants did not properly respond to his First Request for Production of Documents. The Plaintiff says the responses to all but Request #5 were inadequate.

REQUEST #1: All written, computer or typed statements about the incident on September 2, 2009, where Plaintiff was assaulted and threatened by Defendant Yeager.

1

The Defendants deny that the Plaintiff was assaulted or threatened, but have provided a copy of the Grievance Officer's Report, the Plaintiff's Grievance and the response from the Administrative Review Board. The Plaintiff says Officer McNabb took a statement from him, but no copy was provided. The Defendants respond that all relevant documents were requested from Pontiac Correctional Center, and provided what they were given to the Plaintiff. The Defendants cannot be forced to provide documents they do not have. Nonetheless, the Defendants must inquire whether there is any written statement taken by Officer McNabb pertaining to this incident.

REQUESTS # 2, 3, and 4: The Plaintiff asks for copies of "Intake or log in books" showing his locations in the prison.

Request #2 ask for the document showing his stay in segregation from June 4, 2009 to June 12, 2009. Request #3 asks for the document showing his return to South Protective custody and leaving Protective Custody on June 12, 2009. Request #4 asks for the document that shows the Plaintiff was in the West Cell House from June 12, 2009 to approximately July 15, 2009.

The Defendants state they are not personally in possession of any responsive document and Pontiac Correctional Center informed them that there were no such documents. While there may not be a specific log book or intake book, there is surely some documentation that confirms where the Plaintiff was housed during this time period. The court would order the Defendants to provide this information, but it appears the Plaintiff more directly requested this information in his Second Request for Production of Documents, Request #3, and the Defendants have now provided this information. (d/e 48, p. 3, Req. #3)

REQUEST #6: The Plaintiff asks for any information pertaining to his job loss.

The Defendants say they provided a copy of the Grievance Officer's Report, the Plaintiff's grievance and a "Request for Removal of Student" dated May 1, 2008 by the Culinary Arts Instructor. The Plaintiff says this is not the relevant information because he worked in a different area, "Toxics." (Plain. Mot, p. 6) The Plaintiff did not specify a time frame or job in his question, so the Defendants are not at fault. However, the court will require the Defendants to provide any documentation concerning the Plaintiff's loss of his job in "Toxics" if it occurred during the relevant time frame, March 2009 to November 2009.

REQUEST #7 A copy of any and all information pertaining to the raising of the Plaintiff's security classification, and any rules pertaining to that decision.

The Defendants requested this information from Pontiac Correctional Center and were provided a document called "Security Reclassification" along with a copy of the relevant Administrative Directive. The Plaintiff believes there should be additional documentation, but

2

the court cannot order the Defendants to turn over documents they claim do not exist.

REQUEST #8: A copy of the sign in sheet the Plaintiff was made to sign by Officer McNabb "earlier this year." (d/e 39, Req. Produce)

The Defendants were told there is no responsive document in the Plaintiff's file. While the Plaintiff objects, the Plaintiff did not provide a relevant time frame or description of this document in his request, nor has he explained how its relevant to his claims. No further response is necessary.

REQUEST #9: A copy of the employee's standard of conduct.

The Defendants have objected that this request is irrelevant, inadmissible and unlike to lead to admissible evidence. The court agrees and finds the request is also vague. No further response is required.

B. INTERROGATORIES- DEFENDANT FRENCH

The Plaintiff says Defendant French's responses to Interrogatories # 2, 5, 6, 7 and 8 are inadequate.

INTERROGATORY #2: The Plaintiff asks the Defendant where he was assigned to work on June 12, 2009. The Defendant states he was assigned to work in South Protective Custody. The court finds this answer is sufficient.

INTERROGATORIES # 5-8: These interrogatories ask the Plaintiff if he has ever been reprimanded for misconduct toward an inmate, ever had an lawsuit filed against him by an inmate, ever been found guilty of threatening an inmate or employee or ever been removed from his job due to violence. The Defendant has responded that the request is irrelevant, inadmissible and unlikely to lead to admissible evidence. The Plaintiff says this information goes to the Defendants credibility and character. The court will not require the Defendant to respond to these Interrogatories. How the Defendant may have acted on a prior occasion is not relevant to whether he committed the specific claims in the Plaintiff's complaint.

C. INTERROGATORIES- DEFENDANT YEAGER

The Plaintiff says the responses to Interrogatories #1-3 are not sufficient. The first three Interrogatories repeat the Plaintiff's questions concerning prior reprimands, punishment or lawsuits. The court will not require the Defendant to provide a response for the reasons stated above. The Plaintiff also claims the Defendant's responses to Interrogatories 6, 11 and 15 are lies. This is not a basis for a motion to compel. If the Plaintiff believes the Defendant has not answered truthfully, he may rebut the Defendant's claims with an affidavit or other evidence at the summary judgment stage.

The Plaintiff's motion to compel discovery is therefore granted in part and denied in part. The Defendant must provide a further response to the First Request for Production of Documents, #1 and 6 as directed above.

The court also notes that the Plaintiff again asks the court to appoint counsel to represent him. The Plaintiff says the Defendants did not provide complete answers to his discovery requests because he is not represented by counsel. The renewed motion is denied. *See* September 30, 2010 Text Order. The Plaintiff appropriately filed a motion to compel and the court has reviewed all responses.

### III. ADDITIONAL DISCOVERY

The Plaintiff has also filed a motion asking about the status of his motion to compel. [d/e 47] The motion for a status report is denied as inappropriate and moot. However, the court notes that the Plaintiff has attached another motion that was not docketed separately. The Plaintiff asks the court for leave to submit interrogatories to dismissed Defendant Ramsey and to talk to inmate witnesses. The Plaintiff does not state what questions he intends to ask Defendant Ramsey, nor what information he believes Defendant Ramsey might have. In addition, the Plaintiff does not identify his witnesses, nor does he state whether they are inmates or officers. The Plaintiff also does not state what he believes the witnesses might have seen or heard. In addition, the court also notes that none of these individuals are parties to this lawsuit. The Plaintiff's additional discovery motion is denied. [d/e 47]

The Plaintiff has filed one final motion concerning discovery claiming the Defendants did not appropriately respond to the following requests in his Second Request for Production of Documents: [d/e 48]

REQUEST 1: A copy of all Inmate Law Library passes on Galleries 6 which allowed inmates to go to the library on March 16, 2011.

The Defendants object that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The court agrees that whatever happened on March 16, 2011 is not relevant to the Plaintiff's claims in 2009.

REQUEST 2: A copy of the Plaintiff's inmate transaction sheet from January 1, 2008 to the present.

The Defendants again object that the request is not relevant to his claim. The Plaintiff does not clarify how this request is relevant. Nonetheless, the information might be relevant during the time frame of his claims. Therefore, if this document exists, the Defendants should provide a copy from March 2009 to November 2009.

As previously noted, the Defendants did provide a response to Request #3 which asks

4

for Plaintiff's offender tracking sheet showing his housing locations within the Pontiac Correctional Center.

REQUEST 4: The names and locations of inmates working in various jobs from January 2008 to the present as well as the wages they were paid. The Defendants object that this request is irrelevant and the court agrees.

REQUEST 5, 6, 7: The Plaintiff asks for copies of the Law Library offender tracker sheets for various days in March of 2011. Again, whatever occurred in 2011 is not relevant to the Plaintiff's claims in 2009.

The Plaintiff's second motion to compel is granted in part and denied in part. The Defendants must provide an additional response to Request #2. The Plaintiff's requests for a video conference on the issue of discovery are denied as unnecessary. [d/e 48, 54]

The Plaintiff has again asked for counsel within his motion to compel and has filed additional, separate motions for appointment of counsel. [d/e 48, 52, 54] The Plaintiff says it will be a "joke" for him to proceed to jury trial without an attorney. [Mot. Counsel, p 2] This case is not yet at the jury trial phase. The Plaintiff has participated in the discovery process and has filed successful motions to compel. The Plaintiff has one surviving claim before this court that is not complex.

To prove his retaliation claim, the Plaintiff must show that a protected activity, such as filing grievances, was "at least a motivating factor" in any retaliatory action taken by the Defendants. *See Bridges v Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). If he can show that retaliatory animus was a factor, then the burden shifts to the defendants to prove that the same actions would have occurred regardless of the fact that the Plaintiff filed grievances. *Spiegla v Hull,* 371 F.3d 928, 943 (7th Cir. 2004).

It is rare that any Defendant would admit retaliating against an individual. Therefore, the Plaintiff may submit his grievances, and present his own affidavit along with any other evidence to show what the Defendants knew about his grievances and what actions they took afterwards that the Plaintiff believes were retaliatory. The motions for appointment of counsel are denied at this stage of the litigation.[d/e 48, 52].

Finally, the Plaintiff says he was recently placed in segregation on investigative status concerning an incident that did not involve the Defendants. The Plaintiff says he does not have access to his legal materials and his cell is filthy. The Plaintiff should use the grievance procedure at his facility concerning his placement and living conditions. In addition, there are no pending deadlines at this stage of the litigation. However, if the Plaintiff is unable to respond to a deadline or file a response to a motion because he does not have access to his legal materials, he should file a motion with the court asking for additional time and explaining his efforts to obtain his legal materials and the responses he has received.

**IT IS THEREFORE ORDERED that:**

**1) The Plaintiff's motion to compel discovery is granted in part and denied in part. [d/e 39]. The Defendants must provide a further response to the First Request for Production of Documents, Request #1 and 6 as directed. The Plaintiff's renewed motion for appointment of counsel is denied. [d/e 39]**

**2) The Plaintiff's second motion to compel is granted in part and denied in part. [d/e 48] The Defendants must provide an additional response to the Second Request for Production of Documents, Request #2 as directed.**

**3) The Plaintiff's additional discovery motions and motions for appointment of counsel are denied. [d/e 47, 48, 52, 54]**

**4) The Defendants must provide the additional discovery responses within 21 days of this order.**

**5) The court has previously extended the time period for filing dispositive motions to July 8, 2011.** *See* **May 25, 2011 Text Order.**

Entered this 27th day of May, 2011.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE